UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

AHMAD M. HAMAD, *et al.*,

    Plaintiffs,

vs.

SECRETARY, DEPARTMENT
OF HOMELAND SECURITY, *et al.*,

    Defendants.

Case No. 3:20-cv-476

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS (DOC. NO. 12) COUNT I OF PLAINTIFFS' COMPLAINT; (2) DENYING DEFENDANTS' MOTION TO DISMISS COUNT II OF THAT PLEADING; AND (3) GRANTING PLAINTIFFS LEAVE TO FILE AN AMENDED COMPLAINT REPLEADING COUNT II WITHIN 30 DAYS OF THIS ORDER**

---

This case is before the Court on Defendants' motion to dismiss. Doc. No. 12. Plaintiffs filed an opposition memorandum (Doc. No. 13) and Defendants replied (Doc. No. 14). Defendants' motion is now ripe for review.

**I.**

A foreign national married to a U.S. citizen who desires to hold employment in the United States must obtain three types of approval from the U.S. Citizenship and Immigration Service ("USCIS"): (1) a Petition for Alien Relative (Form I-130) that requests that the citizen's foreign national spouse be classified as a relative, 8 U.S.C. § 1151(b)(2)(A)(i); (2) an Application to Register Permanent Residence or Adjust Status (Form I-485) that asks for the foreign national to be granted lawful permanent resident status by virtue of the noncitizen's marriage to a U.S. citizen, 8 C.F.R. § 245.1(a); and (3) an Application for Employment Authorization (Form I-765), which is

a petition to receive an Employment Authorization Document ("EAD") that permits a lawful permanent resident to hold employment in the United States, 8 C.F.R. § 274a.12(a).

During the pendency of a Form I-485 application, foreign nationals can apply for employment authorization through a Form I-765. 8 C.F.R. § 274a.12(c)(9). Approval of Form I-765 applications is committed to "the discretion of USCIS." 8 C.FR. § 274a.13(a)(1). "[N]o appeal" is available to challenge the denial of an I-765 application. 8 C.F.R. § 274a.13(c). If the application is granted, USCIS will issue the noncitizen a Form I-766 EAD for a "specific period" of time. 8 C.F.R. § 274a.13(b). USCIS can revoke the noncitizen's EAD at any time if the Form I-485 on which the EAD is based is denied. 8 C.F.R. § 274a.14(b)(1)(i).

Plaintiff Raida Hamad is a U.S. citizen and the wife of Plaintiff Ahmad H. Hamad, a foreign national. Doc. No. 2 at PageID 4. Raida filed a Form I-130 on Ahmad's behalf with USCIS on July 27, 2018. *Id.* at PageID 5. Ahmad simultaneously filed a Form I-485. *Id.* USCIS denied both petitions on April 23, 2020. Doc. No. 16-1 at PageID 79–88. Plaintiffs appealed the denial of Ahmad's Form I-130 to the Board of Immigration Appeals ("BIA") where a decision remains pending. Doc. No. 2 at PageID 5; Doc. No. 16-1 at PageID 90. The denial of the Form I-130 is automatically stayed pending appeal to the BIA. 8 C.F.R. § 1003.6(a) ("[T]he decision in any proceeding under this chapter from which an appeal to the [BIA] may be taken shall not be executed during the time allowed for the filing of an appeal").

Ahmad filed a Form I-765 several months after appealing USCIS's Form I-130 decision. Doc. No. 16-1 at PageID 97. USCIS denied Ahmad's Form I-765 because he no longer had a pending Form I-485 and thus was ineligible for employment authorization. *Id.* Ahmad did not refile his Form I-485 either before or after the denial of his Form I-765. Doc. No. 2 at PageID 4–5.

Plaintiffs also filed a Freedom of Information Act ("FOIA") request with USCIS seeking all documents related to the denial of Ahmad's Forms I-130 and I-485. Doc. No. 16-1 at PageID 99. USCIS identified 893 responsive pages and initially released 646 unredacted and 137 redacted pages. *Id.* Plaintiffs appealed and secured the release of 121 additional pages. *Id.* at PageID 105. USCIS informed Plaintiffs they could seek judicial review of its second disclosure under FOIA, 5 U.S.C. § 552(a)(4)(B). *Id.* at PageID 106.

Plaintiffs seek a court order directing USCIS to take two actions. Doc. No. 2. They first petition for a writ of mandamus requiring USCIS to approve Ahmad's Form I-765 during the pendency of the Form I-130 appeal, or, alternatively, a declaration that Ahmad's Form I-765 was denied in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. *Id.* at PageID 7. Second, they seek relief under the APA to obtain the remainder of Ahmad's unredacted file from USCIS. *Id.* at PageID 8.

Defendants now move to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) and (6). Doc. No. 12.

## II.

Challenges to the Court's subject-matter jurisdiction under Rule 12(b)(1) come in two forms: facial and factual attacks. *See McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012). "'A facial attack on the subject-matter jurisdiction' -- like the one Defendants make here -- 'questions merely the sufficiency of the pleading.'" *Wayside Church v. Van Buren Cnty.*, 847 F.3d 812, 816 (6th Cir. 2017) (quoting *Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)). The Court accepts the allegations in the complaint as true against a facial attack. *Cooper v. Rapp*, 702 F. App'x 328, 331 (6th Cir. 2017).

The Court also assumes the veracity of the complaint under Rule 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion, a plaintiff must plead "factual

3

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007))).

Defendants' argument is two-fold. They first contend that because USCIS has sole discretion to approve a Form I-765, the Court cannot order it -- either through a writ of mandamus or the APA -- to grant Ahmad's work authorization petition. Doc. No. 12 at PageID 44–45. They also point out that Plaintiffs' document request is not reviewable under the APA because an alternate and "adequate remedy" exists under FOIA. *Id.* at PageID 47–48. The Court will review the arguments in turn.

## A.

District courts have "original jurisdiction of any action in the nature of mandamus to compel . . . any agency [of the United States] to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. A writ of mandamus shall issue if (1) Plaintiffs have a "clear right to relief"; (2) Defendants have a "clear[, non-discretionary] duty to act"; and (3) "no other adequate remedy" exists. *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 491 (6th Cir. 2011). "Mandamus is a drastic remedy that should be invoked only in extraordinary cases where there is a clear and indisputable right to the relief sought." *United States v. Young*, 424 F.3d 499, 504 (6th Cir. 2005).

Review under the APA is unavailable where "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). Agency action is so entrusted "where the relevant statute [or regulation] is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Dep't of Commerce v. New York*, __ U.S. __, 139 S. Ct. 2551, 2568 (2019) (quoting *Weyerhaeuser Co. v. U.S. Fish & Wildlife Serv.*, __ U.S. __, 139 S. Ct. 361, 370 (2018)). A judicially manageable standard might exist in either "the statute on which the claim

4

of agency illegality is based," *Webster v. Doe*, 486 U.S. 592, 600 (1988), or in the agency's "formal and informal policy statements and regulations," *Physicians for Soc. Responsibility v. Wheeler*, 956 F.3d 634, 643 (D.C. Cir. 2020) (quoting *Steenholdt v. FAA*, 314 F.3d 633, 638 (D.C. Cir. 2003)).

Plaintiffs argue that USCIS has a mandatory duty to approve Ahamad's Form I-765 while his Form I-130 appeal is pending. Doc. No. 13 at PageID 56. Their view is that because the BIA is obligated to stay the denial of a Form I-130 pending appeal, the BIA must also stay the denial of a Form I-485, and, by implication, USCIS must grant a Form I-765. *Id.*[1] The Court disagrees.

Approval of Form I-765 petitions is committed to USCIS's discretion. 8 C.F.R. § 274a.13(a)(1). USCIS retains sole authority to issue EADs, establish the length of the EAD period, revoke EADs, and decide whether an EAD should remain active pending appeal of an adverse Form I-130 decision. *See, e.g.*, *Guevara v. Holder*, 649 F.3d 1086, 1092 (9th Cir. 2011) ("[T]he authorization for . . . employment [under 8 C.F.R. § 274a.12(c)(9)] is not mandated"); *Kondapally v. U.S. Citizenship & Immigration Servs.*, No. 20-920, 2020 WL 5061735, at *5 (D.D.C. Aug. 27, 2020) ("Consequently, courts have held that approving or denying the I-765 application, establishing the length of the EAD period, and deciding whether to extend the EAD period to encompass the pendency of any review are decisions committed to USCIS's discretion

---

[1] Plaintiffs in their complaint do not specifically request a Court order staying the denial of Ahmad's Form I-475. Doc. No. 2 at PageID 8. Nevertheless, they suggest in response to Defendants' motion that the automatic stay that applies to the execution of a Form I-130 pending appeal should also attach to a Form I-475. Doc. No. 13 at PageID 57. In Plaintiffs' view, if the denial of a Form I-475 is stayed pending appeal, then USCIS could -- at least theoretically -- approve a Form I-765 unless and until the Form I-475 is denied. *Id.* This argument was raised before this Court in *Levy v. U.S. Attorney General*, No. 1:16-cv-306, 2017 WL 1062484 (S.D. Ohio Mar. 21, 2017). There, the plaintiffs requested a stay of the denial of the noncitizen's Form I-475. *Id.* at *5. The Court held that because the BIA was not under a mandatory duty to stay the denial of a Form I-475 pending appeal, a writ of mandamus could not issue. *Id.* There is no reason to depart from that conclusion because 8 C.F.R. § 245.2(c) does not permit an appeal from the denial of a Form I-475.

and outside the purview of judicial review"). A writ of mandamus directing USCIS to grant Ahmad's Form I-765 therefore cannot issue. *See Levy*, 2017 WL 1062484, at *5 ("Plaintiffs are not entitled to a Writ of Mandamus because USCIS does not . . . have a non-discretionary duty to approve the [Form I-765] application").

Nor is USCIS's denial of a Form I-765 reviewable under the APA. 5 U.S.C. § 701(a)(2). Plaintiffs identify no statute, regulation, or policy outlining a judicially manageable standard to assess USCIS Form I-765 decisions. Doc. No. 13 at PageID 56–57. USCIS's unfettered discretion to approve Form I-765 petitions therefore precludes review under the APA. *See, e.g.*, *Suarez v. Cowan*, No. 1:19-cv-124, 2019 WL 7494391, at *6 (S.D. Tex. Oct. 29, 2019) ("[Plaintiff] asserts that this Court can review the denial of her I-765 application, *i.e.* her employment authorization application, pursuant to the [APA]. Despite her argument to the contrary, the APA bars review of this claim"), *report & recommendation adopted*, No. 1:19-cv-124, 2020 WL 80641 (S.D. Tex. Jan. 7, 2020). For that reason, the Court **GRANTS** Defendants' motion to dismiss Count I of Plaintiffs' complaint. Doc. No. 12.

**B.**

Plaintiffs will be afforded another chance to plead their Count II. Doc. No. 2 at PageID 7. They sue under the APA for the complete disclosure of Ahmad's USCIS file. *Id.* Judicial review, however, is only proper under the APA for "final agency action for which there is no other adequate remedy." 5 U.S.C. § 704. The FOIA provides Plaintiffs an adequate remedy. 5 U.S.C. § 522(a)(4)(B) ("[T]he district court of the United States in the district in which the complainant resides . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. In such a case the court shall determine the matter *de novo*"); *see also Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice*, 846 F.3d 1235, 1245 (D.C. Cir. 2017) ("[W]e have little doubt that FOIA

offers an 'adequate remedy' within the meaning of section 704"). Accordingly, the Court **DENIES** Defendants' motion to dismiss Count II of Plaintiffs' complaint. Plaintiffs are **GRANTED LEAVE** to file an amended complaint realleging Count II within 30 days of this Order.

## III.

For the foregoing reasons, the Court (1) **GRANTS** Defendants' motion to dismiss (Doc. No. 12) Plaintiffs' Count I; (2) **DENIES** Defendants' motion to dismiss Plaintiffs' Count II; and (3) **GRANTS** Plaintiffs leave to file an amended complaint repleading Count II within 30 days of this Order.

**IT IS SO ORDERED.**

Date:  July 14, 2021               s/Michael J. Newman
                                   Hon. Michael J. Newman
                                   United States District Judge