UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

AHMAD M. HAMAD, *et al.*,

    Plaintiffs,

vs.

ALEJANDRO MAYORKAS, *et al.*,

    Defendants.

Case No. 3:20-cv-476

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS (DOC. NO. 26) COUNT I OF PLAINTIFFS' THIRD AMENDED COMPLAINT; AND (2) CONFIRMING THE NOVEMBER 2, 2021 PRELIMINARY PRETRIAL CONFERENCE**

---

This case is before the Court on Defendants' partial motion to dismiss. Doc. No. 26. Plaintiffs filed an opposition memorandum (Doc. No. 28) and Defendants replied (Doc. No. 29). Defendants' motion is now ripe for review.

**I.**

The facts at issue in this current motion are identical to those detailed in the Court's July 14, 2021 Order granting in part Defendants' motion to dismiss and granting Plaintiffs leave to file an amended complaint. Doc. No. 19. A full recitation of the facts here is unnecessary, and the Court incorporates the relevant portions from its July 14, 2021 Order as if fully restated herein.

In their original complaint, Plaintiffs sought a writ of mandamus compelling the U.S. Citizenship and Immigration Service ("USCIS") to approve Plaintiff Ahmad M. Hamad's Application for Employment Authorization (Form I-765) during the pendency of his appeal to the Board of Immigration Appeals ("BIA") (the "mandamus claim"). Doc. No. 19 at PageID 111–12. Alternatively, Plaintiffs argued USCIS's denial of Ahmad's Form I-765 violated the Administrative Procedure Act ("APA") (the "APA claim"). *Id.*

The Court concluded neither claim was actionable as a matter of law. *Id.* at PageID 115. First, because USCIS was not, and is not, under a mandatory duty to approve Ahmad's Form I-765 pending administrative appeal, a writ of mandamus could not issue. *Id.* Second, the APA bars review of USCIS's Form I-765 decision. *Id.* For those reasons, the Court dismissed Count I of Plaintiffs' original complaint. *Id.*

The Court did, however, grant Plaintiffs leave to file an amended complaint to replead their Freedom of Information Act ("FOIA") claim. *Id.* at PageID 116. Plaintiffs complied by filing a first, second, and third amended complaint. Doc. Nos. 20, 21, 24.[1] Count I of Plaintiffs' third amended complaint ("TAC"), however, restates verbatim their mandamus and APA claims. Doc. No. 24 at PageID 143–44.

Defendants now move to dismiss Count I of the TAC under the law of the case doctrine. Doc. No. 26 at PageID 160. "The law of the case doctrine provides that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Daunt v. Benson*, 999 F.3d 299, 308 (6th Cir. 2021) (quoting *Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir. 2006)). "[L]aw-of-the-case is designed to 'prevent[ ] the relitigation of an issue once there has been a judgment on the merits.'" *GMAC Mortg., LLC v. McKeever*, 651 F. App'x 332, 339 (6th Cir. 2016) (quoting *Bowles v. Russell*, 432 F.3d 668, 676 (6th Cir. 2005)). Its purpose "is to ensure that the *same* issue presented a second time in the *same case* in the same court should lead to the *same result*." *Id.* (quoting *Howe v. City of Akron*, 801 F.3d 718, 739 (6th Cir. 2015)) (emphases in original).

Plaintiffs acknowledge that Count I of their TAC is identical to that already dismissed by the Court. Doc. No. 28 at PageID 164. They believe, however, that the Court's July 14, 2021

---

[1] Defendants consented to Plaintiffs' filing of a second and third amended complaint so they could properly name the agency to which their FOIA claim is directed. Doc. No. 26 at PageID 158; Fed. R. Civ. P. 15(a)(2).

2

Order dealt with the exhaustion of their administrative remedies under FOIA. *Id.* Plaintiffs are incorrect: The Court concluded that Plaintiffs' mandamus and APA claims fail as a matter of law for reasons unrelated to exhaustion of administrative FOIA remedies and that dismissal of the claims pursuant to Fed. R. Civ. P. 12(b)(6) was warranted. Doc. No. 19 at PageID 114–15.

Because the Court has already adjudicated Plaintiffs' mandamus and APA claims on the merits, the law of the case doctrine prevents those claims from being relitigated before this Court. *See, e.g.*, *Bowling v. Pfizer, Inc.*, 132 F.3d 1147, 1150 (6th Cir. 1998). Therefore, Defendants' motion to dismiss Count I of Plaintiffs' TAC is **GRANTED**.

**II.**

Plaintiffs' Count II, *i.e.*, the FOIA claim, is the only claim that may proceed to discovery in this matter. The Court anticipates that the parties will prepare their Rule 26(f) report accordingly. The preliminary pretrial conference set for November 2, 2021 by telephone[2] is hereby **CONFIRMED**.

**IT IS SO ORDERED.**

Date:  October 27, 2021                          s/Michael J. Newman
                                                            Hon. Michael J. Newman
                                                            United States District Judge

---

[2] Counsel shall call: 1-888-278-0296, enter access code 2725365, security code 123456, and wait for the Court to join the conference.