UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

AHMAD M. HAMAD, *et al.*,

    Plaintiffs,

vs.

ALEJANDRO MAYORKAS, *et al.*,

    Defendants.

Case No. 3:20-cv-476

District Judge Michael J. Newman

---

**ORDER: (1) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. NO. 41); (2) DENYING PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT (DOC. NO. 47); (3) DISMISSING WITH PREJUDICE PLAINTIFFS' THIRD AMENDED COMPLAINT (DOC. NO. 24); AND (4) TERMINATING THIS CASE ON THE DOCKET**

---

This case is before the Court on the parties' cross-motions for summary judgment on Plaintiffs' Freedom of Information Act ("FOIA") claim, 5 U.S.C. § 552. Doc. Nos. 41, 47. The motions are fully briefed. Doc. Nos. 46, 48, 49, 50. This matter is ripe for review.

**I.**

Marriage to a U.S. citizen has its benefits. A foreign national married to a U.S. citizen can apply to the U.S. Citizen and Immigration Service ("USCIS") to obtain lawful permanent resident status through a two-step process. 8 U.S.C. §§ 1151(b)(2)(A)(i), 1154(b); 8 C.F.R. § 245.1(a). First, the U.S. citizen must file a Petition for Alien Relative (Form I-130) with USCIS on their spouse's behalf. 8 U.S.C. §§ 1151(b)(2)(A)(i), 1154(b). The foreign national must then file an Application to Register Permanent Residence or Adjust Status (Form I-485). 8 C.F.R. § 245.1(a). Plaintiff Ahmad Hamad, a foreign national, and his U.S. citizen spouse, Plaintiff Raida Hamad, filed both petitions hoping that USCIS would award Ahmad lawful permanent residency. Doc. No. 2 at PageID 4–5; Doc. No. 16-1 at PageID 81.

USCIS conducts "an investigation of the facts in each case" before adjudicating a Form I-130. 8 U.S.C. § 1154(b). "[N]o petition shall be approved if" the non-citizen previously sought to be classified as "an immediate relative . . . as the spouse of a citizen of the United States . . . by reason of a marriage entered into for the purpose of evading the immigration laws." 8 U.S.C. § 1154(c). No matter if the non-citizen's current marriage is "unquestionably bona fide." *Matter of Kahy*, 19 I. & N. Dec. 803, 805 n.2 (BIA 1988). USCIS must deny the petition upon finding that the non-citizen previously committed, or attempted to commit, marriage fraud. 8 U.S.C. § 1154(c).

While investigating Plaintiffs' petitions, USCIS determined Ahmad entered one of his prior marriages solely for the immigration benefit. Doc. No. 16-1 at PageID 85. USCIS denied Raida's Form I-130 on that basis. *Id.* Plaintiffs appealed USCIS's decision to the Board of Immigration Appeals ("BIA") where their case remains pending. *Id.* at PageID 90.

Plaintiffs made a FOIA request to USCIS to obtain the investigatory file compiled on Ahmad. *Id.* at PageID 99; 5 U.S.C. § 552. USCIS identified 893 responsive pages and initially released 646 unredacted and 137 redacted pages. Doc. No. 43-1 at PageID 280. After some back and forth, USCIS released 121 additional pages. *Id.* at PageID 281.

USCIS still withheld, and continues to withhold, 147 pages in whole or in part. *Id.* Many of the undisclosed documents contain the personal information of third parties interviewed or investigated during the adjudication of Plaintiffs' petitions. Doc. No. 43-2 at PageID 301–33. Redacted information ranges from third party names, social security and passport numbers, email addresses, and birthdates, to portions of a now-cancelled Form I-130 that Ahmad's prior spouse submitted. *Id.* USCIS also retained investigatory and witness interview records created by law enforcement officials as they probed the marriage fraud allegations. *Id.* USCIS claims that FOIA

exemptions (b)(3), (b)(6), and (b)(7)(C) and (7)(E)—which protect from disclosure documents exempted from disclosure by statute, containing private information of third parties, and collected for law enforcement purposes—justify non-disclosure. Doc. No. 43-1 at PageID 281; 5 U.S.C. §§ 552(b)(3), (6), (7)(C), and (7)(E).

Plaintiffs sued USCIS in this Court under the Administrative Procedure Act ("APA") for the remainder of Ahmad's file. Doc. No. 2 at PageID 7. The Court dismissed their APA claim but allowed them to bring an amended complaint under FOIA. Doc. No. 19 at PageID 115–16.[1] The parties now seek summary judgment on Plaintiffs' FOIA claim. Doc. Nos. 41, 47.

## II.

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of showing entitlement to summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). In FOIA cases, the court reviews the record *de novo* to "determine whether such records or any part thereof shall be withheld under any of the exemptions." 5 U.S.C. § 552(a)(4)(B). "Because the court must analyze all underlying facts and inferences in the light most favorable to the FOIA requester, summary judgment for an agency is only appropriate after the agency proves that it has 'fully discharged its [FOIA] obligations[.]'" *Gosen v. U.S. Citizenship & Immigr. Servs.*, 75 F. Supp. 3d 279, 287 (D.D.C. 2014) (citing *Willis v. DOJ*, 581 F. Supp. 2d 57, 65 (D.D.C. 2008)) (quoting *Moore v. Aspin*, 916 F. Supp. 32, 35 (D.D.C. 1996)).

"Most FOIA cases are decided on summary judgment." *Am. Civil Liberties Union of Mich. v. F.B.I.*, 734 F.3d 460, 465 (6th Cir. 2013). Agencies may carry their burden of proof through

---

[1] Plaintiffs also sued for a writ of mandamus ordering USCIS to approve Ahmad's work authorization petitions pending Plaintiffs' appeal of the denial of their Form I-130. Doc. No. 19 at PageID 112. The Court dismissed that claim too because USCIS has discretion to adjudicate work authorization applications. *Id.* at PageID 114–15.

affidavits demonstrating that the claimed FOIA exemption applies. *Knight First Amend. Inst. at Columbia Univ. v. CIA*, 11 F.4th 810, 818 (D.C. Cir. 2021) (citing *Oglesby v. U.S. Dep't of Army*, 79 F.3d 1172, 1178 (D.C. Cir. 1996)). To prevail on its summary judgment motion, "the government must show that it made a good faith effort to conduct a search for the requested records . . . and that [any] withheld materials fall within a FOIA statutory exemption." *Rimmer v. Holder*, 700 F.3d 246, 252 (6th Cir. 2012) (quotation omitted and cleaned up).[2]

### III.

FOIA generally requires agencies to disclose their records upon request subject to nine exemptions. 5 U.S.C. §§ 552(a)(3)(A), (b); *U.S. Dep't of Just. v. Tax Analysts*, 492 U.S. 136, 150–51 (1989) ("An agency must disclose agency records to any person under § 552(a), 'unless they may be withheld pursuant to one of the nine enumerated exemptions listed in § 552(b)'" (quotation omitted)). Consistent with FOIA's "strong presumption" of public access to agency records, agencies bear "the burden . . . to justify the withholding of any requested documents." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991) (first citing *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976); and then citing *U.S Dep't of Just. v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 755 (1989)). "If the Government fairly describes the content of the material withheld and adequately states its grounds for nondisclosure, and if those grounds are reasonable and consistent with the applicable law, the district court should uphold the government's position." *Rugiero v.*

---

[2] USCIS submitted a *Vaughn* index in support of its summary judgment motion. Doc. No. 43-2 at PageID 301–33. Rather than disclosing the documents in question to the court in full for an *in camera* review, a *Vaughn* index permits the agency to summarize the withheld documents in sufficient to detail to permit a decision on the exemption claim. *See Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973). Plaintiffs moved to compel *in camera* review of the contested records, but the Court found they failed to rebut the presumption of good faith that attaches to the agency's description of the documents. Doc. No. 39 at PageID 199–201.

4

*Dep't of Just.*, 257 F.3d 534, 544 (6th Cir. 2001) (quoting *Ingle v. Dep't of Just.*, 698 F.2d 259, 265 (6th Cir. 1983)).

Three exemptions are at issue: Exemption 6, Exemption 7(C), and Exemption 7(E).  Doc. No. 43-1 at PageID 280–81; Doc. No. 43-2 at PageID 301–33.[3]  Exemption 6 covers "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6).  Similarly, Exemption 7(C) shields from disclosure "records or information compiled for law enforcement purposes [that] . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C).  Exemption 7(C) "provides broader privacy protections than Exemption 6." *Rimmer*, 700 F.3d at 252–53 (quotation omitted).  Exemption 7(C) requires courts to "balance the privacy interest" of third parties with the public's interest in the information.  *Reporters Comm.*, 489 U.S. at 762.  Because "the standard for evaluating a threatened invasion of privacy interests resulting from the disclosure of records compiled for law enforcement purposes is somewhat broader than the standard applicable to personnel, medical, and similar files," *id.* at 756, records covered by Exemption 7(C) are also properly withheld under Exemption 6, *see Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 166 (2004).

Exemption 7(E) encompasses "records or information compiled for law enforcement purposes [that] . . . would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."  5 U.S.C. § 552(b)(7)(E).  "Information that relates to law enforcement techniques, policies, and procedures

---

[3] USCIS also withheld records under Exemption 3—covering documents "exempted from disclosure by statute."  Doc. No. 43-1 at PageID 280–81; Doc. No. 43-2 at PageID 301–33.  Plaintiffs do not challenge the application of Exemption 3 in their memorandum in opposition to USCIS's summary judgment motion. Doc. No. 46 at PageID 342–44.  Therefore, the Court will consider any such argument waived.

5

is properly withheld under this exemption." *Showing Animals Respect & Kindness v. U.S. Dep't of Interior*, 730 F. Supp. 2d 180, 199 (D.D.C. 2010) (citing *Boyd v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 570 F. Supp. 2d 156, 158 (D.D.C. 2008)). Because revelation of internal law enforcement operations could aid future criminal activity, "Exemption 7(E) sets a relatively low bar for the agency to justify withholding." *Blackwell v. F.B.I.*, 646 F.3d 37, 42 (D.C. Cir. 2011).

USCIS meets its burden to show its claimed exemptions justify withholding of the contested records. Plaintiffs fail to advance any reason why the public interest would favor disclosing documents that would reveal third party personal information and exclusively aid their appeal before the BIA. Moreover, disclosure would reveal procedures and techniques USCIS uses to investigate immigration fraud. USCIS is entitled to summary judgment.

## A.

To overcome Exemptions 6 and 7(C), Plaintiffs must show how the public benefit from disclosure outweighs the "invasion of privacy" experienced by third parties. *See Rugiero*, 257 F.3d at 550 ("The central inquiry is whether public access to the information is tantamount to an invasion of privacy; if so we ask whether such an invasion is justified by any countervailing public benefit from disclosure" (quoting *Heights Cmty. Cong. v. Veterans Admin.*, 732 F.2d 526, 528 (6th Cir. 1984))). Disclosure must "serve the 'core purpose of the FOIA,' which is 'contribut[ing] significantly to public understanding *of the operations or activities of the government*.'" *Detroit Free Press Inc. v. U.S. Dep't of Just.*, 829 F.3d 478, 485 (6th Cir. 2016) (*en banc*) (quoting *U.S. Dep't of Def. v. Fed. Lab. Rels. Auth.*, 510 U.S. 487, 495 (1994)) (emphasis in original). "If disclosure is not 'likely to advance [a significant public] interest . . ., the invasion of privacy is unwarranted.'" *Id.* (quoting *Favish*, 541 U.S. at 172). "[T]hat purpose 'is not fostered by

6

disclosure of information about private citizens . . . that reveals little or nothing about an agency's own conduct.'" *Id.* (quoting *Reporters Comm.*, 489 U.S. at 773).

Plaintiffs are not entitled to unredacted copies of Ahmad's file withheld under Exemptions 6 and 7(C). They argue that the purpose of their request is to advance their Form I-130 appeal before the BIA—a purely private interest. Doc. No. 46 at PageID 342–43. Plaintiffs offer no reason why the public would benefit from receiving the information redacted or withheld from the investigation into Ahmad. *Id.* Nor do they attempt to explain why the third-party privacy interests at stake must yield to their request. *Id.* All they want the documents for is to rebut the marriage fraud allegations made against Ahmad. *Id.*

Privacy concerns support USCIS's application of Exemptions 6 and 7(C). Many of the records withheld or redact contain the personal identifying information of third parties and law enforcement officers. Doc. No. 43-2 at PageID 301–33. There is no public interest in such information. *See Reporters Comm.*, 489 U.S. at 766, 769. Other documents include the names and statements of third-party witnesses interviewed by USCIS. Doc. No. 43-2 at PageID 301–33. Disclosing their names and the content of their statements, especially if related to a criminal investigation, could invite embarrassment, harassment, or danger. *See Detroit Free Press*, 829 F.3d at 481 (explaining that privacy concerns are heightened when records contain potentially "[e]mbarrassing and humiliating facts—particularly those connecting an individual to criminality" (citations omitted)).

USCIS properly applied Exemption 7(E), too. USCIS used this exemption to protect procedures used in, and the outcome of, the investigation and adjudication of Ahmad's Form I-485. Doc. No. 43-2 at PageID 301–33. This includes investigator impressions and interview notes compiled in a Form I-485 processing worksheet and law enforcement database search results. *Id.*

7

USCIS also withheld a report compiled, and criminal referral made, by law enforcement officers during their investigation into possible immigration law violations. *Id.*

This information falls squarely within Exemption 7(E). Courts routinely exempt from disclosure records demonstrating how the immigration laws are enforced such as, *inter alia*, database searches and coding, details about USCIS adjudication workflow, and interagency communications. *Gosen*, 75 F. Supp. 3d at 290. USCIS has shown the redacted and withheld documents could indeed "increase the risks that a law will be violated or that past violators will escape legal consequences." *Mayer Brown LLP v. I.R.S.*, 562 F.3d 1190, 1193 (D.C. Cir. 2009) (emphasis omitted).

Plaintiffs' sole counterargument is that they are not trying to use these records to circumvent the law, just to pursue their BIA appeal. Doc. No. 46 at PageID 343–44. But Exemption 7(E) is applied prospectively with an eye towards whether the information could educate future criminal schemes. *See, e.g.*, *Morley v. C.I.A.*, 508 F.3d 1108, 1129 (D.C. Cir. 2007) ("[A]n agency may seek to block the disclosure of internal agency materials relating to guidelines, techniques, sources, and procedures for law enforcement investigations and prosecutions, even when the materials have not been compiled in the course of a specific investigation" (quoting *Tax Analysts v. IRS*, 294 F.3d 71, 79 (D.C. Cir. 2002))). Accordingly, Plaintiffs are not entitled to documents withheld under Exemption 7(E), and their FOIA claim fails as a matter of law.

## B.

Plaintiffs also move for summary judgment,[4] claiming that they have a procedural due process right, under the Fifth Amendment's Due Process Clause, to Ahmad's file. Doc. No. 47 at

---

[4] Out-of-time, the Court adds, and significantly so. The Court set a February 4, 2022 dispositive motion deadline that was later extended by consent of the parties to March 7, 2022. Doc. Nos. 33, 37. Plaintiffs filed their summary judgment motion on April 15, 2022, offering no explanation for their untimeliness or with a request for leave of court. Doc. No. 47. Such a flagrant disregard for the Court's scheduling order

PageID 348–49. It is not clear whether they raise the argument as a separate claim or as an alternative theory to obtain the withheld records under FOIA. *Id.* Either way, their contention is without merit.

Plaintiffs rely on two cases to support their procedural due process argument. *Id.* Neither is persuasive. In *Bangura v. Hansen*, the Sixth Circuit rejected as improvidently raised the plaintiffs' argument that they had a property interest in a spousal visa. 434 F.3d 487, 496 (6th Cir. 2006). The *Bangura* plaintiffs did not argue, and the Sixth Circuit did not consider, whether they had a procedural due process right to derogatory information underpinning a Form I-130 denial. *Id.* Lower courts have read *Bangura* similarly. *See, e.g.*, *Singh v. United States*, 1:20-cv-799, 2021 WL 229963, at *16 (N.D. Ohio Jan. 22, 2021) (citing *Bangura* but concluding that the plaintiffs failed to show they had a due process right to "examine and rebut" evidence of marriage fraud used to deny a Form I-130).

The Ninth Circuit in *Zerezghi v. U.S. Citizenship & Immigration Services* held that due process required USCIS to disclose its evidence of marriage fraud before denying the plaintiffs' Form I-130 petition. 955 F.3d 802, 813 (9th Cir. 2020). Otherwise, the court explained, the plaintiffs could not rebut the sham marriage charge before the BIA. *Id.* The court remanded the case back to the BIA for a re-adjudication of the plaintiff's Form I-130. *Id.* at 816.

But Plaintiffs here are in a different position. They did not appeal the denial of their Form I-130 to this Court. Doc. No. 24 at PageID 145. Only their FOIA claim remains. Doc. No. 31 at PageID 184. Even looking to Plaintiffs' original, now-dismissed complaint, they sought an order requiring USCIS to grant Ahmad's work authorization petition. Doc. No. 2 at PageID 6–7. There

---

is grounds for dismissal of a complaint under Rule 41(b). *See, e.g.*, *Bowles v. City of Cleveland*, 129 F. App'x 239, 241 (6th Cir. 2005). As explained below, however, involuntary dismissal is unnecessary because Plaintiffs' arguments fail on their own merits.

9

was no mention of a standalone due process claim related to the Form I-130 adjudication.  Doc. No. 2.  Neither *Bangura*—which never recognized a procedural due process right to evidence supporting a derogatory information charge—nor *Zerezghi*—which arose from a Form I-130 appeal—provide Plaintiffs with a path to relief.

Plaintiffs' suggestion that the Due Process Clause provides an alternative remedy under FOIA is likewise misguided.  Doc. No. 47 at PageID 350.  "FOIA is not a means for vindicating constitutional rights."  *Harrison v. Lappin*, 510 F. Supp. 2d 153, 157 (D.D.C. 2007) (citing *Johnson v. Exec. Office for U.S. Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002)).  Accordingly, their summary judgment motion fails.

## IV.

For the foregoing reasons, the Court: (1) **GRANTS** USCIS's summary judgment motion (Doc. No. 41); (2) **DENIES** Plaintiff's cross summary judgment motion (Doc. No. 47); (3) **DISMISSES WITH PREJUDICE** Plaintiffs' third amended complaint (Doc. No. 24); and (4) **TERMINATES** this case on the Docket.

**IT IS SO ORDERED.**

Date:   August 3, 2022                              s/Michael J. Newman  
                                                   Hon. Michael J. Newman  
                                                   United States District Judge